In re Oather BROWN and Syble Brown, Debtors,

Tom K. O'LOUGHLIN, II, Trustee, Plaintiff,

v.

Oather BROWN and Syble Brown, his wife, and Jack Davis and Shirley Davis, his wife, Defendants.

Bankruptcy No. 82–00335(SE). Adv. No. 83–0170(SE).

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Feb. 27, 1984.

Kenneth C. McManaman, Cape Girardeau, Mo., for trustee.

James M. Turnbow, Cape Girardeau, Mo., for defendants.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

The Plaintiff seeks to avoid a transfer of real estate between Defendants, Oather Brown and Syble Brown, his wife (Browns), as grantors, and Defendants, Jack Davis and Shirley Davis, his wife (Davises), as grantees.

After Defendants filed their answers in this proceeding, Plaintiff moved for judgment on the pleadings, contending that the facts admitted by Defendants in their answers conclusively show that Plaintiff is entitled to avoid the transfer in question.

After reviewing these pleadings and taking judicial notice of the exact time of Defendants' filing of their petition for relief herein, the Court agrees with the Plaintiff's conclusion that this conveyance is avoidable as a matter of law although not for the reasons advanced by Plaintiff.

Essentially, the facts admitted by the Defendants show that the transfer had not been duly recorded or perfected at the time of the Browns' filing of their Chapter 7 petition. The general warranty deed by which this transfer was effected is dated August 12, 1982, and was recorded that same day at 4:25 p.m. in the office of the Pemiscott County, Missouri, Recorder of Deeds. A copy was attached to the complaint and incorporated in paragraph 8 of the complaint. Defendants admitted the allegations of this paragraph.

Pursuant to Bankruptcy Rule 9017 and Federal Rule of Evidence 201(c), this Court takes judicial notice of the date and time of the Browns' filing of their petition for relief which was at 3:59 p.m., August 12, 1982.

Hence, at the time of the commencement of the Browns' Chapter 7 proceeding, the conveyance had not been recorded.

Under Missouri law, specifically, section 442.400, R.S.Mo., a conveyance of real estate is void as to a subsequent *bona fide* purchaser of the real estate until it is recorded. Under 11 U.S.C. 544(a)(3), the Plaintiff may avoid any transfer of real estate by a *bona fide* purchaser of that real estate that obtains such status as of the commencement of the case. In other words, the Trustee in this proceeding has the power of avoidance under Missouri law

that a hypothetical individual who purchased the property in question at 3:59 p.m. on August 12, 1982, without notice of the deed in question, would have.

Accordingly, the conveyance is avoidable by the Trustee.

The Court will enter a separate order consistent with this opinion.