**In re Harold Dean CLIFTON and Judith Ann Tairent Clifton, Debtors.**

**Eugene UTRUP, Plaintiff,**

**v.**

**Harold Dean CLIFTON and Judith Ann Tairent Clifton, Defendants.**

**Adv. No. 87–0297–BKC–J13.**

**Bankruptcy No. 87–01607–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

July 23, 1990.

James L. Rohlfing, St. Louis, Mo., for plaintiff.

T.J. Mullin, Clayton, Mo., for defendants/debtors.

Eileen Voss, St. Louis, Mo., Trustee.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the Plaintiff's complaint in two counts to determine the status of his claim in this Chapter 13 case, and to determine the extent of the Debtors'/Defendants interest in a parcel of real property. The matter was submitted to the Court on a Joint Stipulation of Facts and separate Memoranda of Law.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (L). These Findings and Conclusions and Orders are the final orders of the Bankruptcy Court.

## FINDINGS OF FACT

On June 1, 1987, the Debtors/Defendants filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code. Their Chapter 13 Statement filed on the same date listed an unsecured claim to Marvin Nieberg (not a party to this proceeding) in the amount of $33,000.00. The Debtors identified the nature of the claim as being a "Contract for Deed". In the Joint Stipulation of Facts in this adversary proceeding, the parties indicated that this contract arose on or about August 1, 1986 when the Plaintiff, Eugene Utrup, sold his interest in a certain condominium to the Debtors for the total sum of $34,500.00, and assigned to the Debtors his rights and interests under a separate Installment Sales Contract entered into between the Plaintiff and Marvin Nieberg on July 1, 1986.

The Debtors' Chapter 13 Statement also listed the claim of Eugene Utrup (Plaintiff here) as an unsecured claim in the amount of $24,000.00. This claim is based upon the Debtors' Contract For Deed with the Plaintiff. The Debtors paid a portion of the $34,500.00 sales price to the Plaintiff at the time of the sale, and executed a note pay-

able to him for the balance in the amount of $24,000.00.

In exchange for these payments, the Plaintiff assigned to the Debtors his rights and interests under the Installment Sales Contract with Marvin Nieberg. The Debtors simultaneously executed a Quit Claim Deed transferring their interest in the condominium to the Plaintiff. The Quit Claim Deed was thereafter delivered to a third party to be held in escrow consistent with the terms of the note executed by the Debtors. By agreement, the Quit Claim Deed was to be recorded only if the Debtors, as assignees of the Plaintiff's interests, defaulted with respect to the terms of the Installment Sales Contract and remained in default for more than ninety (90) days.

The Debtors' note to Utrup also provided for monthly payments upon the $24,000.00 balance to be paid to Utrup until March 1, 1990, when the full amount remaining was to become due. The note contains the following statement: "Collateral to be interest in property at 13232 Matador, 63141". This is the address of the condominium which is the subject of this proceeding.

The Debtors' Quit Claim Deed to the Plaintiff had not been recorded as of the commencement of this case.

The photocopies of the Debtors' receipts of payments to the Plaintiff suggest that the Debtors had difficulty complying with the terms of the Installment Sales Contract as early as January, 1987.

## CONCLUSIONS OF LAW

The Plaintiff argues that he is the holder of a secured claim by virtue of the language in the Debtors' note which stated that the condominium was to be collateral for the Debtors' obligations under the note, and by virtue of the Quit Claim Deed executed by the Debtors. The Debtors have argued that Utrup is an unsecured creditor in the Chapter 13 case. Neither party has submitted a judicial precedent for the exact circumstances which exist in this case. The issue presented for determination here concerns the legal status of a vendee after his interest in a contract for deed has been assigned to a third party. The decision on this issue will affect the ultimate question of whether the vendee (Plaintiff) is the holder of a secured claim in the Debtors' Chapter 13 case.

An allowed claim of a creditor which is secured by a lien on property in which the estate has an interest, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. *See,* Section 506, Title 11 of the United States Code. Absent an estate interest in the property which is subject to the creditor's lien, the creditor is not the holder of a secured claim as to that property in a bankruptcy case. Pursuant to Section 1306 of Title 11, the estate is comprised of all the legal or equitable interests of the Debtors in property as of the commencement of the case, and in certain property and earnings acquired after the commencement of the case. Generally, a determination of the extent of the estate interest in property must begin with an examination of the extent of the Debtors' interest in property at the commencement of the case.

In the circumstances presented here, the Debtors' interest in the condominium is not greater than the interests sold and assigned to them by the Plaintiff on August 1, 1986. On that date the Plaintiff's interest in the condominium was limited to his interest in the Contract For Deed between the Plaintiff and Marvin Nieberg which had been executed on July 1, 1986. According to the terms of the agreement between the Plaintiff and Mr. Nieberg, legal title to the condominium remained with Nieberg until such time as the Plaintiff made the final payment. The final payment had not been made as of the commencement of this Chapter 13 case. The Plaintiff's interest in the condominium is based upon his right to receive legal title upon completion of all payments to Mr. Nieberg. On August 1, 1986, this right to receive legal title was assigned by the Plaintiff to the Debtors.

The Missouri Supreme Court has held that absent an enforceable restriction, a vendee's interest in a contract for deed is mortgageable. *Fincher v. Miles Homes of Missouri, Inc.,* 549 S.W.2d 848, 851 (Mo.

1977). Therefore, as assignees of the Plaintiff, the Debtors here had acquired the same right to receive title which the Plaintiff may have held at the time of the assignment. *See, Senn v. Manchester Bank of St. Louis*, 583 S.W.2d 119, 129 (Mo.1979).

The language added to the Debtors' promissory note which refers to the condominium as collateral, suggests that the Plaintiff had attempted to retain a security interest in the condominium. However, in Missouri, an attempt to retain or receive a security interest in real estate, the Plaintiff's assignment of his land contract rights to the Debtors, and the Debtors' transfer under a Quit Claim Deed, are treated as transfers of interests in land which generally require recordation. *In re Shuster*, 784 F.2d 883, 884 (8th Cir., 1986); *Fincher, supra* at 851.

The Missouri Statutes at Chapter 442 set forth certain conditions for the establishment of a valid security interest in real property. Specifically, Section 442.400 requires that an instrument such as a deed or a deed of trust be filed of record if it is to be deemed valid and enforceable against entities who are not parties to the document. Failure to record such an instrument renders the transfer avoidable in a bankruptcy proceeding. *In re Brown*, 37 B.R. 516 (Bankr.E.D.Mo.1984).

In the case at bar, the Plaintiff assigned all of his rights under the Installment Sales Contract to the Debtors. The Debtors thereafter recorded the instrument of assignment. A simultaneous or subsequent grant of an interest in real property by the Debtors to the Plaintiff would be valid against a *bona fide* purchaser if the instruments evidencing the grant had been recorded. The quit claim deed executed by the Debtors in favor of the Plaintiff had not been recorded prior to the commencement of this Chapter 13 case. Therefore, as to those entities who were not parties to the conveyance, the Plaintiff's interest under the Quit Claim Deed is subject to avoidance and did not give rise to a perfected security interest.

At the commencement of a bankruptcy case, a trustee has the rights and powers of a *bona fide* purchaser of real property. *See,* Section 544(a)(3), Title 11 of the United States Code. Therefore, the transfer of the Quit Claim Deed is avoidable by the Trustee in this case.

The record has not suggested any other basis upon which the Court may determine that a valid, perfected security interest in the real property existed or should be equitably created as of the commencement of this case. By separate order, the Plaintiff's request to allow the claim as a secured claim is denied.

## ORDER

Upon consideration of the record as a whole, and consistent with the Findings and Conclusions entered in this matter,

IT IS ORDERED that this hearing is concluded; and that as to Count I of this Complaint, the Plaintiff's request to declare that his claim is a secured claim in this case is DENIED; and that the Plaintiff's claim is allowed for payment in this Chapter 13 case as a general unsecured claim; and

That the Plaintiff's request in Count II to declare that all right title and interest in a certain condominium was transferred to the Plaintiff by the Quit Claim Deed is DENIED; and

That the Plaintiff's alternative request to declare that the note Quit Claim Deed constitute an equitable mortgage in favor of the Plaintiff is DENIED.